The Honorable Terry Smith State Representative 101 Hal Court Hot Springs, Arkansas 71901-7770
Dear Representative Smith:
I am writing in response to your request for an opinion on "whether A.C.A. § 7-5-205 and A.C.A. § 7-5-208(f)(3) . . . prohibit write in candidates for municipal offices." You also ask whether, if the answer to your first question is "yes," these laws are "unconstitutional since they allow write-in candidates for state, county, district and township offices but not municipal offices."
RESPONSE
It is my opinion that the answer to your first question is "yes," write-in candidacies for municipal offices are prohibited, not only by A.C.A. § 7-5-205 and 7-5-208 (f)(3), but more pertinently by A.C.A. §14-43-202. In my opinion the answer to your second question is "no." In my opinion the courts would uphold, as constitutional, the distinction between municipal and other offices in this regard.
The statute most pertinent to your first question is neither A.C.A. §§7-5-205 nor 7-5-208(f)(3), but A.C.A. § 14-43-202, which provides as follows:
 In all general elections held in cities of the first class and second class and incorporated towns for the election of officials of these municipalities, no ballots shall be counted for any person whose name is written in thereon. Only votes cast for the regularly nominated, or otherwise qualified, candidates whose names are printed on the ballot as candidates in the election shall be counted by the judges and clerks.
This statute has prohibited write-in candidacies in first class municipal elections since 1935. The statute was expanded in 1995 to apply as well to second class cities and incorporated towns. See Acts 1995, No. 179, § 1.
The two statutes you mention, A.C.A. §§ 7-5-205 and 7-5-208(f)(3), provide respectively, in pertinent part, as follows:
A.C.A. § 7-5-205
 No votes for write-in candidates in general elections shall be counted or tabulated unless the candidate or his agent shall notify in writing the county board of election commissioners and either the Secretary of State, if a state or district candidate, or a county clerk, if a candidate for a county or township office, of his intention to be a write-in candidate not later than sixty (60) days before the election day. [Emphasis added.]
 A.C.A. 7-5-208(f)(3)
 In all elections except primary elections and municipal elections, at the bottom of each list of names for each position or office appearing on the ballot, there shall be a blank line or lines for possible write-in votes for that position or office. However, the blank line shall not appear on the ballot with respect to those offices and candidates for positions in which no person has qualified as a write-in candidate by filing his intentions to be a write-in candidate within the time prescribed in § 7-5-205. [Emphasis added.]
Each of these provisions was amended by the same 1999 act (Acts 1999, No. 640). The title of Act 640 of 1999 is "An Act to Amend Arkansas Code7-5-205 and 7-5-208 to Clarify Write-In Votes in Municipal Elections; and for other Purposes." The 1999 act substituted the emphasized words "or township office" in § 7-5-205 above, for the former words "or municipal office" used in the former version of that statute. The 1999 act inserted the emphasized words "and municipal elections" in § 7-5-208(f)(3) where these words did not previously appear. The effect of Act 640 of 1999 in this regard is to make crystal clear the prohibition against write-in candidates in municipal elections.[1]
In my opinion, therefore, the answer to your first question is "yes," write-in candidates in municipal elections are prohibited by A.C.A. §§7-5-205; 7-5-208(f)(3) and most importantly, A.C.A. § 14-43-202.
In response to your second question, as to whether such a prohibition is unconstitutional in light of the allowance of write-in candidacies for state, district, county and township offices, in my opinion the answer is "no." As an initial matter, I must direct your attention to the Arkansas case of Davidson v. Rhea, 221 Ark. 885, 256 S.W.2d 744 (1953), which specifically upheld the constitutionality of what is now A.C.A. §14-43-202. The court necessarily confined its decision to the question of whether the statute was constitutional under Arkansas Constitution art.3, § 2 (guaranteeing "free and equal" elections). The court found that it was. No federal constitutional issue was presented to the court.
In my opinion, however, the United States Supreme Court's decision inBurdick v. Takushi, 504 U.S. 428 (1992) indicates the constitutionality of this Arkansas prohibition.
The plaintiff in Burdick alleged that Hawaii's complete ban on write-in voting violated his First and Fourteenth Amendment rights to freedom of expression and association. The Court disagreed and upheld Hawaii's complete ban on write-in candidacies. After first noting that the question was not properly subjected to "strict scrutiny" analysis, the Court balanced the character and magnitude of the asserted injury to First and Fourteenth Amendment rights against the State's justification for the rule imposed. The Court reasoned that because ballot access in Hawaii was relatively easy, the constitutional injury was slight. Three different methods for ballot access were afforded in Hawaii, including a "nonpartisan" method by which candidates could simply file nominating papers containing 15 to 25 signatures (depending on the office) sixty days before the primary.[2] The Court balanced the minimal injury stated by the plaintiff against the State of Hawaii's interest in "avoiding the possibility of unrestrained factionalism at the general election." Id. at 439, citing Munro v. Socialist Workers Party, 479 U.S. 189, 193 (1986). The Court also noted that "[t]he prohibition on write-in voting is a legitimate means of averting divisive sore-loser candidacies" and preventing "party raiding." Id. at 439-440.
In Arkansas, candidate access to the municipal ballot is similarly easy. Independent candidates who wish to file for municipal office may do so by filing a petition containing either at least 10 or at least 30 signatures (depending upon the classification of city) at least sixty days prior to the general election.[3] A.C.A. § 14-42-206 (Supp. 1999) and 7-7-103
(c) (Repl. 2000).
In my opinion this ease of access to the municipal ballot renders a ban on write-in candidacies for such elections constitutional under Burdick.
Candidate access to the ballot for state, district, county and township office is more stringent. See e.g., 7-7-103(b) (requiring a petition containing signatures not less than 3% of the qualified electors in the county, township or district for those offices[4] and 3% of the qualified electors of the state, but no more than 10,000 for a statewide office). In addition, for state, county, district and township offices, § 7-7-103 (b)(3) provides that petitions shall not be circulated earlier than sixty days prior to the deadline for filing petitions. Obviously, ballot access for these races is more stringent than for municipal offices. In my opinion, therefore, the distinction made by Arkansas law between municipal offices, on the one hand, and state, county, district and township offices on the other, is not unconstitutional.
In my opinion, therefore, the answer to your second question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The only remaining ambiguity in this regard is found in A.C.A. §7-6-102 (a)(4), which still refers to "write-in" candidates in municipal elections filing political practices pledges.
[2] In Hawaii, a candidate must participate in the "open primary" to obtain a position on the November general election ballot. Id. at 435.
[3] The city council may by ordinance require independent candidates to file by the earlier date of noon the day before the preferential primary election. A.C.A. § 14-42-206(e)(1) (Repl. 2000).
[4] The statute also provides, however, that in no event shall more than 2,000 signatures be required for a district office. A.C.A. §7-7-103(b)(1).